Filed 9/1/15  P. v. Borges CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARCUS BORGES,<br><br>Defendant and Appellant. | F069050<br><br>(Kings Super. Ct. No. 13CM7254)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tarter, Judge.

Gabriel C. Vivas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Gomes, Acting P.J., Kane, J. and Poochigian, J.

## INTRODUCTION

Appellant/defendant Marcus Borges, an inmate at Corcoran State Prison, attacked another inmate, and pleaded no contest to assault by means of force likely to produce great bodily injury while confined in a state prison. He was sentenced to two years pursuant to a negotiated disposition. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We will affirm.

## FACTS

On July 14, 2012, defendant and John Hovarter (Hovarter) were cellmates at Corcoran State Prison. At 6:30 p.m., Correctional Officer Rolie Simpliciano was on duty as the inmates returned to their cells after dinner. He noticed a commotion on the upper tier and saw defendant and Hovarter aggressively hitting Inmate Jetton (Jetton) with their clenched fists. Defendant and Hovarter were punching Jetton in the face and upper torso. Jetton backed up, raised his arms, and tried to cover his face.

The correctional staff responded to the tier to break up the fight and ordered all the inmates on the floor. Correctional Officer Edgar Mendez arrived on the upper tier and testified defendant and Jetton were on the floor. However, defendant's hand was around Jetton's throat and he was choking him. Jetton was bleeding from his forehead, he was unresponsive, and his eyes were partially rolled back. Mendez ordered defendant to stop choking Jetton. Defendant failed to comply with the order. He kept his hands around Jetton's throat until Mendez kicked him in the back, and then he released his hold.

Jetton suffered a three-centimeter laceration on his forehead and another laceration on the back of his head, both of which required sutures. He also suffered a broken rib and swelling and bruises on his chest and shoulder.

The officers found a makeshift bag on the floor about an inch away from Jetton's head. There were bloodstains on the bag, and it contained a hard metal object. The cell

shared by defendant and Hovarter was searched, and the officers determined defendant's typewriter was missing several pieces.

**Procedural History**

On October 17, 2013, defendant and Hovarter were charged with count I, assault with a deadly weapon while confined in a state prison (Pen. Code, § 4501); and count II, assault by means of force likely to produce great bodily injury while confined in a state prison (*ibid*.). Defendant was alleged to have one prior strike conviction, and Hovarter had two prior strike convictions (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On December 11, 2013, both defendant and Hovarter accepted a "package offer" and entered into negotiated dispositions. They pleaded no contest to count II for a stipulated term of two years and dismissal of the prior strike allegations.

On January 10, 2014, defendant was sentenced to the lower term of two years, to run fully consecutive to the term he was already serving in Los Angeles County case No. BA289995-01.

On March 11, 2014, defendant filed a timely notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on July 7, 2014, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

3.